IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 9 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

DONALD KELLY,                )
                             )     Civil Action No. 5:05CV00016
         Plaintiff,          )
                             )     **MEMORANDUM OPINION**
v.                           )
                             )
JORMANDY, INC., et al.,      )     By: Samuel G. Wilson
                             )     United States District Judge
         Defendants.         )

Donald Kelly brings this action under the Fair Debt Collections Practices Act (FDCPA),

15 U.S.C. §§ 1692 et seq. The matter is before the court on Kelly's motion to enforce settlement

against defendants Andrew Becker and Law Offices of Andrew Becker, P.L.C. ("the

defendants").[1] The defendants never filed an answer, and, upon Kelly's motion, the Clerk

entered a default against the defendants. Kelly claims that he negotiated a settlement with the

defendants on August 10, 2005, which required the defendants to pay $5,000 by October 10,

2005, and to pay a late fee of $2,500 upon failure to pay by the deadline but that the defendants

never complied with the settlement. In support of his claims, Kelly has submitted a letter and

consent order memorializing the terms of the settlement along with an email from the defendants

signifying that they had received copies of the consent order and that they would promptly sign

and return the order to Kelly's attorney. Despite the defendants' default, by order dated

November 9, 2005, the court informed the defendants of its intent to rule on Kelly's motion and

allowed the defendants ten days to file any pleading or exhibits refuting the existence or

---

[1]Kelly has either voluntarily dismissed or settled with all other defendants.

enforceability of the alleged settlement agreement.[2] That ten-day period has lapsed, and the defendants have not responded. Accordingly, the court now adjudicates Kelly's motion to enforce settlement.

## I.

"Trial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing"; though, summary enforcement is not appropriate when there is a "material dispute about the existence of a settlement agreement or the authority of an attorney to enter a settlement agreement on behalf of his client." Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988) (citing Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir.1981)). Based on the letters and exhibits Kelly has submitted, the court is satisfied that a settlement agreement existed. The court has given the defendants ample opportunity to bring to light any disputes regarding the existence or enforceability of the settlement agreement,[3] but the defendants have made no effort to do so. Thus, the court finds that enforcement of the settlement agreement is in order and will enter judgment for Kelly and against the defendants jointly and severally in the amount of $7,500.[4]

Kelly has requested an award of interest, which the court construes as a request for pre-

---

[2]The court specifically ordered that a copy of the order be sent to the defendants at their last known address: "Law Offices of Andrew Becker, P.L.C., 397 Little Neck Road, Building 3300, Suite 115, Virginia Beach, VA 23452."

[3]The court has considered the fact that the defendants are currently in default and finds that their default status in no way prevents the court from enforcing the settlement when the court has given the defendants sufficient opportunity to contest the existence and enforceability of the settlement agreement.

[4]$5,000 + $2,500 (late fees for failing to pay before October 10, 2005) = $7,500.

2

judgment interest.[5]  "Federal law controls the issuance of prejudgment interest awarded on federal claims." Fox v. Fox, 167 F.3d 880, 884 (4th Cir. 1999) (citing City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 194 (1995)).  "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." Id. (internal quotes omitted).  Less than two months have passed between the date payment was due and the date of entry of this judgment, and the court finds that Kelly's losses are not of the sort which require an award of interest in order to fully compensate him.  Accordingly, Kelly's prayer for pre-judgment interest is denied.

Kelly also seeks costs and attorneys fees of $750 (2.5 hours at $300 per hour).  The settlement agreement allowed for recovery of attorney's fees and costs should Kelly have to seek court enforcement of the settlement agreement, and Kelly's attorney has submitted exhibits detailing his extensive experience handling FDCPA cases and other consumer matters and discussing other courts' approval of his $300 per hour rate.  In light of counsel's experience and in light of the nature of the litigation at hand, the court finds counsel's rate and hours spent to be reasonable and awards attorneys fees of $750 plus taxable costs.

## II.

For the reasons stated herein, the court grants judgment in favor of Kelly and against the

---

[5] Of course, federal law governs the accrual of post-judgment interest: per statute, post-judgment interest automatically would begin to accrue on the date the court entered its judgment at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment." See 28 U.S.C. § 1961.

3

defendants, jointly and severally, in the amount of $8,250 plus taxable costs.[6]

    **ENTER**: This 2 9th day of November, 2005.

                                  UNITED STATES DISTRICT JUDGE

---

[6]Kelly asks the court to retain the case on the court's active docket for purposes of judgment execution; however, nothing in Federal Rule of Civil Procedure 69 requires the court to maintain a case on its active docket in order for the judgment holder to obtain a writ of execution or for the court to conduct proceedings supplementary to or in aid of execution.

4